IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

HAROLD E. CRITE                                                    PETITIONER
REG. #05347-025

V.                               NO.  2:06CV00023 WRW/JWC

LINDA SANDERS, Warden,                                          RESPONDENT
FCI, Forrest City, AR

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before
        the District Judge in the form of an offer of proof, and a copy, or the original,
        of any documentary or other non-testimonial evidence desired to be
        introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional

evidentiary hearing, either before the Magistrate Judge or before the District Judge.

        Mail your objections and "Statement of Necessity" to:

        Clerk, United States District Court
        Eastern District of Arkansas
        600 West Capitol Avenue, Suite 402
        Little Rock, AR 72201-3325

## <u>RECOMMENDED DISPOSITION</u>

        Harold E. Crite, an inmate in the Federal Correctional Institution in Forrest City,

Arkansas (FCI-Forrest City), brings this 28 U.S.C. § 2241 petition for writ of habeas corpus

(docket entry #1).   Respondent has filed a motion to dismiss (docket entry #7), and

Petitioner has replied (docket entry #10).   For the reasons that follow, the petition should

be DISMISSED.

I.

        Following entry of a guilty plea in the United States District Court for the Southern

District of Illinois in January 2002, Petitioner was convicted of conspiring to distribute a

controlled substance (methamphetamine), in violation of 21 U.S.C. §§ 841(a)(1), 846.

<u>United States v. Crite, et al.</u>, No. 4:01-cr-40063-JPG-2, at docket entry #47 (S.D. Ill.) (<u>Crite</u>

<u>I</u>) (Resp't Ex. 1).   As a result of this conviction, judgment was entered and he was

sentenced, on April 18, 2002,  to 135 months of imprisonment followed by five years of

supervised release.   <u>Id.</u> at docket entries #77, #84 (Pet'r Ex. 3).   On October 8, 2002, he

filed a motion for extension of time to file a notice of appeal, which was denied. Id. at docket entries #91, #92.

On February 5, 2003, Petitioner filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the Southern District of Illinois, asserting: (1) counsel was ineffective in advising him about the sentence he would receive; (2) counsel failed to advise him in accordance with Fed. R. Crim. P. 11; (3) counsel failed to challenge the government's breach of the plea agreement, (4) counsel offered unintelligent and incompetent advice during the plea process; (5) counsel failed to challenge the indictment as defective, being founded on false and misleading information, and being constructively amended. Crite v. United States, No. 4:03-cv-04023-JPG, at docket entry #1 (S.D. Ill.) (Crite II).[1] The motion was denied as without merit on August 17, 2004. Id. at docket entries #19-#20. Petitioner's application for a certificate of appealability was denied by the Seventh Circuit Court of Appeals. Id. at docket entries #30-#31.

In this § 2241 petition, Petitioner advances the following claims:

1.    He has been deprived of a liberty interest (placement at the lower security prison camp) as a direct result of unconstitutional enhancements to his sentence; and

2.    The sentencing court lacked jurisdiction to impose a sentence under 21 U.S.C. § 841(b)(1)(A), which may have affected his supervised release term.

Respondent argues that Petitioner's claims are not properly brought in a § 2241 petition.

---

[1]The Court has accessed these records electronically.

II.

Petitioner is incarcerated in this judicial district, but this is not the district where his conviction and sentence arose.  Issues concerning the lawfulness of a federal conviction and the sentence imposed generally must be brought in the sentencing court through a 28 U.S.C. § 2255 motion to vacate, set aside or correct.  Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 125 S. Ct. 2984 (2005); see § 2255 ¶ 1 (a federal prisoner "may move the court which imposed the sentence" to vacate, set aside or correct the sentence).  Because a § 2255 motion attacks the *validity* of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court which convicted and sentenced him.  DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir. 1983).  In contrast, a § 2241 habeas corpus petition attacks the *execution* of a sentence, or the manner in which the sentence is being carried out, and it is within the subject matter jurisdiction of the court presiding in the judicial district where the prisoner is incarcerated.  Matheny v. Morrison, 307 F.3d 709, 711-12 (8th Cir. 2002); DeSimone, 805 F.2d at 323; Cain v. Petrovsky, 798 F.2d 1194, 1196 n.3 (8th Cir. 1986).

Petitioner argues that his claims are properly brought in a § 2241 petition because neither is a direct attack on his conviction or sentence.

His first claim is that the Bureau of Prisons (BOP) has denied him placement in the lower security prison camp as a direct result of enhancements to his sentence based on the quantity of drugs involved in his offense and possession of a firearm in relation to the offense.  He says these enhancements were unconstitutionally imposed by the sentencing court because he was not charged with the underlying conduct, he did not plead guilty to

4

the conduct, and no jury has found him guilty of the conduct.  In support, he cites <u>Booker v. United States</u>, 125 S. Ct. 738 (2005), and <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), which held that the Constitution is violated by the imposition of an enhanced sentence based on the sentencing judge's determination of a fact (other than a prior conviction) that was not found by the jury or admitted by the defendant.  Petitioner argues that, although the allegedly unconstitutional conditions being forced upon him originated in the sentencing phase of his criminal proceedings, this claim is solely directed at the deprivation of his liberties at FCI-Forrest City.  He says he has been rejected for camp placement as a direct result of the BOP's execution of the unconstitutional enhancements he received at sentencing and that, but for these improper enhancements, he would be eligible for placement in the lower-security prison camp.

Despite Petitioner's attempts to characterize this as a challenge to the manner in which his criminal sentence is being carried out, it is, at heart, a challenge to the legality of the enhancements made to his sentence.  This is confirmed by examining the relief he seeks: an order directing the sentencing court to amend its judgment to eliminate the enhancements.  Insofar as he is challenging the validity of the enhancements themselves, this claim should, therefore, be directed to the court which sentenced him.  <u>See</u> <u>United States v. Torres</u>, 409 F.3d 1000, 1003 (8th Cir. 2005) (challenge to sentencing enhancement which made prisoner ineligible for BOP's drug-treatment program "goes to the legality of his sentence, namely, whether the district court properly applied the enhancement under the facts of this case," and thus cannot be brought in § 2241 habeas petition).

Moreover, to the extent that he is only challenging the BOP's use of the enhanced sentence to deny him camp placement, the claim cannot prevail. A federal prisoner seeking § 2241 habeas relief based on the security or custody classification assigned to him by the BOP – which in turn affects his suitability for designation to a particular facility – must show "a substantial infringement of a constitutional right." Albers v. Ralston, 665 F.2d 812, 815 (8th Cir. 1981). A prisoner has no constitutional right to placement in any particular institution, Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 224 (1976); or to any particular security classification, Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976). See Manthey v. Sabol, 80 Fed. Appx. 538, 539 (8th Cir. 2003) (unpub. op.) (no constitutional violation where federal prisoner complained about denial of transfer from one federal prison camp to another).

Petitioner says his second claim is "strictly directed" to his future term of supervised release, not the imprisonment term he is currently serving. This claim is based on a discrepancy between his indictment (which charged him with conspiring to manufacture more than 50 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(b)(1)(B)) and his five-year term of supervised release (which is the mandatory minimum for possessing more than 500 grams of methamphetamine pursuant to 21 U.S.C. § 841(a)(b)(1)(A)). He says his supervised release term thus constitutes an illegal sentence and is the result of a constructive amendment of his indictment, in violation of the Constitution.

By challenging the validity of the supervised release term imposed by the sentencing court at the same time as his imprisonment term, Petitioner's second claim also is a direct attack on his sentence, which should be addressed through a § 2255 motion in the sentencing court. See 18 U.S.C. § 3583(a) ("The court, in imposing a sentence to a term

6

of imprisonment ..., may include *as part of the sentence* a requirement that the defendant be placed on a term of supervised release after imprisonment.) (emphasis added).

Therefore, both of Petitioner's claims are challenging the validity of his sentence and should have been directed to the Illinois district court which convicted and sentenced him or to the appropriate Court of Appeals (in this case, the Seventh Circuit).   At his sentencing, he objected to the drug quantity and firearm enhancements on a different basis than he does now, (Pet'r Ex. 4, at 2-4), but he did not timely appeal, and he raised in his § 2255 motion a different claim regarding the statutory discrepancy he now cites as a basis for relief, (Crite II, supra  docket entry #19, at 6; Pet'r Ex. 6, at 18).   The record does not show that he has tried to obtain permission from the Seventh Circuit to proceed with a successive § 2255 motion.   See § 2255 ¶ 8 (successive motion may be allowed if court of appeals certifies that it is based on "newly discovered evidence" or a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable").   Instead, he now seeks recourse through a § 2241 habeas petition.

A petition for habeas corpus relief "shall not be entertained if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention."   § 2255 ¶ 5. Because the sentencing court has already "denied him relief" on his previous § 2255 motion and Petitioner has "failed to apply" to the proper court for further § 2255 relief, this Court cannot entertain Petitioner's § 2241 petition unless the § 2255 remedy is "inadequate or ineffective" under the statute's savings clause.

A petitioner has the burden of demonstrating the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. <u>Abdullah</u>, 392 F.3d at 959.  This is a "narrowly-circumscribed 'safety valve.'"   <u>United States ex rel. Perez v. Warden, FMC Rochester</u>, 286 F.3d 1059, 1061-62 (8th Cir. 2002).  The mere fact that an individual may be barred from filing a § 2255 motion for procedural reasons does not render the remedy inadequate or ineffective so as to permit utilization of § 2241.  <u>Abdullah</u>, 392 F.3d at 959.  Specifically, the § 2255 remedy is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, because petitioner has been denied permission or does not meet the statutory requirements for filing a second or successive § 2255 motion, or because a § 2255 petition is time-barred.  <u>Id.</u>

Furthermore, a federal prisoner cannot raise, in a § 2241 motion filed in the district of incarceration, an issue which could have been or actually was raised in a direct appeal or a timely § 2255 motion in the sentencing district.  <u>Hill v. Morrison</u>, 349 F.3d 1089, 1092 (8th Cir. 2003) (§ 2255 remedy not inadequate where petitioner could have raised claim in first or second § 2255 motion); <u>Perez</u>, 286 F.3d at 1063 (§ 2241 argument waived if not raised in sentencing court in first instance); <u>United States v. Lurie</u>, 207 F.3d 1075, 1077-78 (8th Cir. 2000) (dismissing § 2241 claims which "could have been maintained in a timely § 2255 motion or on direct appeal").  Where a petitioner had an "unobstructed procedural opportunity" to present a claim, his failure to seize that opportunity does not render § 2255 inadequate or ineffective to test the legality of his conviction.  <u>Abdullah</u>, 392 F.3d at 963.

Petitioner did not take advantage of the opportunity to raise these particular claims in a direct appeal or his § 2255 proceedings.  Although Petitioner did not have the benefit of the <u>Blakely</u>/<u>Booker</u> decisions at the time for seeking a direct appeal or § 2255 motion,

there was existing Supreme Court law which could have supported the type of argument he makes regarding the drug quantity and firearm enhancements.  See Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) (holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt").  Furthermore, there is no indication that he has made any attempt to incorporate these arguments into his § 2255 proceedings or use them as a basis for seeking permission from the Seventh Circuit Court of Appeals to file a successive § 2255 motion.

In any event, it is now clear – in the Seventh and the Eighth Circuits – that the rules announced in Blakely and Booker do not apply retroactively to criminal convictions that became final before those decisions and thus cannot benefit movants in collateral proceedings.  Never Misses a Shot v. United States, 413 F.3d 781, 783-84 (8th Cir. 2005) (successive § 2255 motion); McReynolds v. United States, 397 F.3d 479, 480-81 (7th Cir.), cert. denied, 125 S. Ct. 2559 (2005).  Section 2255 is not an inadequate or ineffective remedy "simply because a new constitutional doctrine which could reduce a federal prisoner's existing sentence cannot be applied retroactively."  Perez, 286 F.3d at 1062. The impediment is not § 2255, but rather the new doctrine's non-retroactivity.  Id. Therefore, the Eighth Circuit has held that an Apprendi-type claim cannot be raised in a § 2241 petition due to the unavailability of the § 2255 remedy.  Id.  The Court noted that, if in the future the Supreme Court were to make Apprendi's new rule retroactive, § 2255 relief might then be available.  Id.; see § 2255 ¶ 8.  The same rationale applies to claims based on Blakely and Booker, as extensions of Apprendi.  Padilla v. United States, 416 F.3d 424, 427 (5th Cir. 2005) (§ 2241 petitioner cannot rely on Blakely or Booker to attack

§ 2255's effectiveness because the Supreme Court has not held either decision to be retroactively applicable).

Therefore, unless and until the Supreme Court rules that <u>Blakely</u> or <u>Booker</u> applies retroactively to past criminal convictions, Petitioner may not raise a claim based on those decisions in a second § 2255 motion or a § 2241 habeas petition.

Petitioner makes no other attempt to demonstrate that the § 2255 remedy is an ineffective or inadequate vehicle to test the legality of his sentence.  He is not entitled to proceed under § 2241 because he did not or could not raise his current claims in a direct appeal or his § 2255 proceedings, or because he believes any further attempts at obtaining relief from the Illinois district court or the Seventh Circuit would be futile.

III.

Respondent's motion to dismiss (docket entry #7) should be GRANTED, thereby dismissing this 28 U.S.C. § 2241 petition for writ of habeas corpus in its entirety without prejudice.

DATED this 15th day of August, 2006.


_____
UNITED STATES MAGISTRATE JUDGE